**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| In the Matter of: | In Bankruptcy No. 20-13006-cjf |
| **MAPLE LEAF CHEESE COOPERATIVE**, | Chapter 11 |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - -

**MAPLE LEAF CHEESE COOPERATIVE**, **et al.**,

                Plaintiffs,          Adversary Proceeding No. 21-00039

v.

**MAPLE LEAF CHEESEMAKERS, INC.**,

                Defendant.

**OBJECTION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY OR ALTERNATIVELY, ISSUE SANCTIONS PURSUANT TO FED. R. CIV. P. 37(a), (d)**

The Plaintiff, Maple Leaf Cheese Cooperative (the "Cooperative"), by its counsel Hansen Reynolds LLC, opposes the Defendant, Maple Leaf Cheesemakers, Inc. ("MLC")'s Motion to Compel Discovery or Alternatively, Issue Sanctions Pursuant to Fed. R. Civ. P. 37(a), (d) as follows:

**BACKGROUND**

1. On April 7, 2022, MLC served its first set of written discovery requests on the Cooperative, including requests for admission, interrogatories, and requests for production of documents.

2. On May 13, 2022, the Cooperative timely served its responses to MLC's requests for admission, interrogatories, and requests for production following a one-week extension granted by MLC.

3. On May 17, 2022, the Cooperative responded to MLC's inquiry as to when documents would be produced stating "We should have most of the documents in the next week and the stragglers shortly thereafter." MLC responded by giving a deadline of May 26, 2022, as to when it expected all responsive documents to be produced.

4. Following this correspondence, MLC sent a deficiency letter on the Cooperative, again with a deadline of May 26, 2022.

5. On May 23, 2022, MLC issued the Notice of Deposition, which provided the Cooperative with a list of dates on which it would be available to conduct a 30(b)(6) deposition. In an effort to continue to move discovery forward quickly, the Cooperative chose the first available date, June 17, 2022.

6. The Notice of Deposition also included a new document request for "Correspondence between [the Cooperative] and Peters and Peters," and requested the Mr. Mayer bring those documents and others previously requested and produced to the deposition.

7. As agreed, on May 25, 2022, the Cooperative produced its first set of documents to MLC.

8. On June 14, 2022, and further memorialized in email correspondence on June 14, 2022, the Cooperative told MLC that because MLC had not yet produced its documents to the Cooperative, the corporate designee, Mr. Jeremy Mayer, may not be able to answer MLC's questions fully and accurately, specifically when it came to questions about MLC's cheese pricing. The Cooperative offered to change the date of the deposition to one of the later dates offered by MLC, but MLC declined the offer.

9. On June 8, 2022, MLC sent a second deficiency letter to the Cooperative with a deadline of June 15, 2022, to supplement or produce any remaining responses to written discovery.

10. In accordance with MLC's deadline, on June 15, 2022, the Cooperative produced the bulk of its documents. Due to the size of the production, the Cooperative once again offered to reschedule the deposition for one of the later dates provided by MLC to allow MLC's counsel more time to prepare for the deposition and to review the documents. MLC once again declined the offer.

11. Pursuant to MLC's Notice of Deposition, on June 16, 2022, the Cooperative produced "Correspondence between you and Peters and Peters" as requested.

12. On June 17, 2022, the day of the deposition, Mr. Mayer provided testimony on all designated topics listed in the Notice of Deposition that were covered during the deposition. The deposition did not conclude on June 17, 2022, as it was late in the day, MLC indicated it still had more questions, and the Cooperative had not had the chance to ask clarifying questions.

13. At end of the first day of the deposition, MLC still had approximately 75 minutes left in its designated 7 hours of the deposition. MLC and the Cooperative chose Wednesday June 22, 2022, as a tentative date to continue the deposition.

14. On June 20, 2022, counsel for MLC and the Cooperative had a telephone conference to discuss continuing the deposition, the Cooperative providing a privilege log, and other alleged deficiencies in the Cooperative's discovery responses. MLC stated it could not be prepared to continue the deposition on June 22, 2022. MLC has not attempted to reschedule the Cooperative's 30(b)(6) deposition.

15. In its Motion to Compel Discovery or Alternatively, Issue Sanctions Pursuant to Fed. R. Civ. P. 37(a), (d) (Dkt. No. 27) (hereinafter "Motion to Compel"), MLC lists four topics for which it alleges Mr. Mayer did not provide adequate testimony. The Cooperative addresses each topic below.

16. Prior to filing its Motion to Compel and its Supplemented Motion to Compel, MLC did not meet and confer with the Cooperative.

## **ARGUMENT**

I. **The Court should deny MLC's Motion to Compel because MLC never met and conferred with the Cooperative prior to filing its Motion and failed to include a certification that the parties have met and conferred before seeking assistance from the Court.**

17. Under Fed. R. Civ. P. 37, a party's motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000); *Gadzinski v. Bellile*, No. 19-CV-339-JDP, 2020 WL 4698937, at *1 (W.D. Wis. Aug. 13, 2020).

18. In its Motion to Compel (Dkt. No. 27) as well as its Supplemented Motion to Compel (Dkt. No. 33), MLC failed to include a certification that it in good faith conferred or attempted to confer with the Cooperative regarding its alleged discovery failures as required by Fed. R. Civ. P. 37(a)(1).

19. To the extent the June 20, 2022, telephone conference was intended by MLC to be the meet and confer, MLC has failed to demonstrate how the Cooperative has failed to remedy any concerns or deficiencies MLC voiced during that telephone conference. (Dkt. No. 27, ¶ 22).

20. On these grounds alone, the Court should deny MLC's Motion to Compel and Supplemented Motion to Compel.

21. Further, MLC's Motion to Compel does not identify what discovery it is seeking to compel. MLC fails to identify any discovery deficiency such that the Cooperative could correct it.

22. While MLC cites Fed. R. Civ. P. 37(a)(3)(B)(i) as a basis for MLC to move the Court to compel a knowledgeable witness, it does not actually ask the Court to do so.

23. At no point in its Motion does MLC ask the Court to compel the Cooperative to produce a knowledgeable witness to complete the 30(b)(6) Deposition.

**II. The Court should deny MLC's Motion to Compel because the Cooperative has complied with all outstanding discovery issues, produced a prepared witness, and, to the extent the witness could not answer certain questions, it was due to MLC's own conduct.**

24. The Cooperative produced its corporate designee, Cooperative president, Jeremy Mayer, for the 30(b)(6) deposition on June 17, 2022.

25. During the deposition, Mr. Mayer was able to provide testimony for all of MLC's designated topics.

26. At the end of the day, the parties agreed to continue the deposition the following week, as MLC still had approximately 75 minutes left in its designated 7 hours. As the deposition ended with time remaining, the Cooperative has yet to re-direct Mr. Mayer to clarify any of his testimony.

27. At the time of this filing, Mr. Mayer is still under oath, and the deposition is still open. MLC has not communicated with the Cooperative as to when the deposition will resume. Counsel for the Cooperative has not communicated with Mr. Mayer regarding his testimony as MLC refused to allow Mr. Mayer to converse with counsel while on breaks from the deposition, which continues to this day. Had counsel been allowed to

communicate with Mr. Mayer during his deposition, counsel could have directed him to key documents and otherwise helped refresh his memory.

28. In its Motion to Compel (Dkt. No. 27), MLC cites four Matters of Examination for which it alleges Mr. Mayer was unable to provide information. The Cooperative will address each in turn.

   a. As to Matter of Examination #22 regarding unauthorized use of funds from the Whey Account, as MLC states, Mr. Mayer was able to identify two of the three alleged unauthorized withdrawals. He was able to provide dates, amounts, and supporting bank records. (Declaration of Brent D. Nistler, ¶ 2, Exhibit 1.) As to the third unauthorized withdrawal, Mr. Mayer was uncertain as to the date. (*Id.*) When asked by MLC's counsel if "After this deposition you can provide with me with that information?" regarding the third unknown transaction, Mr. Mayer responded "Yes." (*Id.*) If counsel for the Cooperative had been allowed to clarify Mr. Mayer's testimony, it would have directed Mr. Mayer to the appropriate documents to provide that information. Because the deposition is still open and counsel for the Cooperative has not had the ability to clarify the testimony, MLC's question will remain unanswered until the deposition resumes.

   b. As to Matters of Examination #9 and #10 regarding cheese pricing, MLC alleges that Mr. Mayer was unable to testify as to either topic. However, as it was brought to MLC's attention prior to the deposition, Mr. Mayer could not have given accurate testimony as to the cheese pricing because MLC had not yet produced the documents requested by the Cooperative in its discovery requests. (Declaration of Brent D. Nistler, ¶ 4, Exhibit 3.) The Cooperative's Request for Production of

       Documents requested "Copies of all documents from January 1, 2006, through the present that reference cheese prices for patron milk" as well as "Copies of all documents from January 1, 2006, through the present that reference cheese prices for non-patron milk." (Declaration of Brent D. Nistler, ¶ 3, Exhibit 2.) Without MLC's documents referencing how they priced cheese from both patron and non-patron milk, Mr. Mayer could not have completely and accurately provided testimony on those topics. Because MLC had those documents in its possession, it would not have needed Mr. Mayer to provide testimony as to MLC's cheese pricing practices. However, if testimony is required, Mr. Mayer could provide clarifying testimony if the deposition resumes.

   c. As to Matter of Examination #16, regarding MLC reporting profits on purchased, non-patron milk, MLC alleges that Mr. Mayer was unable to provide any information as to the topic. However, if counsel for the Cooperative had been allowed to clarify Mr. Mayer's testimony, it would have directed Mr. Mayer to the appropriate documents to provide that information. Because the deposition is still open and counsel for the Cooperative has not had the ability to clarify the testimony, MLC's question will remain unanswered until the deposition resumes.

29. Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i), "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31."

30. Any alleged failures to provide testimony through the 30(b)(6) deposition can be cured if the deposition were to resume if MLC is in fact asking the Court to compel a knowledgeable witness to provide testimony on behalf of the Cooperative.

31. As to MLC's request for sanctions, the Cooperative restates that if Mr. Mayer's testimony had been allowed to resume, MLC's questions could have been cured by Cooperative's counsel.

32. Moreover, if MLC would have allowed the Cooperative to change the date of the deposition to allow Mr. Mayer time to review the documents that were yet to be produced by MLC, his answers could have been more complete.

33. Further, in both its Motion to Compel (Dkt. No. 27) and Supplemented Motion to Compel (Dkt. No. 33), MLC states that the Cooperative has continuously produced additional documents to MLC despite the shortened time frame of this proceeding.

34. The Cooperative does not deny that it has continued to produce documents. Pursuant to Fed. R. Civ. P. 26(e)(1)(A), a party who has made disclosures under Rule 26(a) must supplement its responses if "the party learns that in some material respect the disclosure or response is incomplete or incorrect."

35. Rule 37 is a mechanism to ensure compliance with discovery rules under Fed. R. Civ. P. 26. Only if a party is without substantial justification for its noncompliance with Rule 26 should sanctions be issued. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003).

36. The Cooperative continues to fulfill its duty to supplement its document production once it has learned that it was incomplete by producing documents to MLC as those documents have come to the attention of the Cooperative.

37. Therefore, the Cooperative respectfully requests that the Court deny MLC's Motion to Compel Discovery or Alternatively, Issue Sanctions Pursuant to Fed. R. Civ. P. 37(a), (d).

Dated this 5th day of July, 2022.                    **HANSEN REYNOLDS LLC**

By: *Electronically signed by Brent D. Nistler*
Brent D. Nistler, SBN: 1033990
bnistler@hansenreynolds.com
Hansen Reynolds LLC
301 N. Broadway, Suite 400
Milwaukee, WI 53202
Ph: 414-455-7676

*Attorneys for Plaintiff*